UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>v.<br><br>BRAYLYN WILLIAMS,<br><br>　　　　Defendant/Petitioner. | ) CASE NO.: 4:11CR101<br>)<br>)<br>) JUDGE DONALD C. NUGENT<br>)<br>)<br>)<br>) MEMORANDUM OPINION<br>) AND ORDER<br>) |

　　　　This matter comes before the Court upon Petitioner, Mr. Braylyn Williams' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (ECF # 840), and Respondent's Motion to Dismiss Petitioner's Motion. (ECF # 842). Petitioner seeks to vacate his sentence on a single count of conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). Respondent seeks to dismiss Petitioner's motion as untimely filed. Petitioner did not file a response to the Government's motion to dismiss.

1

## FACTUAL AND PROCEDURAL HISTORY

On March 15, 2011, Petitioner and several other co-defendants were indicted for being co-conspirators in a Racketeering Influenced and Corrupt Organization Act conspiracy. (ECF # 1). On August 31, 2011, Petitioner was charged in a superseding indictment with being a co-conspirator in a Racketeering Influenced and Corrupt Organization Act conspiracy, in violation of 18 U.S.C. § 1962(d). (ECF # 301). On June 7, 2012, Petitioner pled guilty to this count pursuant to a plea agreement. (ECF # 531). The plea agreement did not include an agreed upon sentence or stipulated guideline calculation. (ECF # 532). On August 22, 2012, this Court sentenced Petitioner to 110 months imprisonment. (ECF # 606). Petitioner timely filed a notice of appeal on August 28, 2012 (ECF # 610), but voluntarily dismissed that appeal on August 15, 2013. (ECF # 710).

On October 17, 2016, Petitioner filed the present Motion to Vacate under 28 U.S.C. § 2255. (ECF # 840). Petitioner claims that the Government breached the plea agreement by "lending its support to an enhanced sentence for Petitioner." (ECF # 840, p. 3). On October 27, 2016, the Government filed a Motion to Dismiss Petitioner's § 2255 motion as untimely filed. (ECF # 842).

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a defendant who seeks to file a § 2255 motion must do so within one year of the finalization of conviction. *See In re Hanserd*, 123 F.3d 922, 924 (6th Cir. 1997). When no appeal is taken, the conviction becomes final when the time for filing a notice of appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). When an appeal is voluntarily dismissed, other jurisdictions have held that the conviction becomes final on the date that the appeal was voluntarily dismissed. *See United States*

2

*v. Sylvester*, 258 Fed.Appx. 411, 412 (3d Cir. 2007).

In this case, the court sentenced Petitioner to 110 months imprisonment on August 22, 2012. (ECF # 606). On August 28, 2012, Petitioner filed a Notice of Appeal. (ECF # 610). However, Petitioner voluntarily dismissed that appeal on August 15, 2013. (ECF # 710). Since a conviction becomes final on the day an appeal is voluntarily dismissed, Petitioner's conviction became final on August 15, 2013. Under the AEDPA, Petitioner had one year from this date to file his § 2255 motion. Petitioner did not file his § 2255 motion until August 17, 2016, more than two years after the one-year deadline. (ECF # 840). Therefore, because Petitioner did not file his § 2255 motion within one year of the finalization of his conviction, his motion is DISMISSED as untimely filed.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

3

debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the

reasons set forth above, Respondent's Motion to Dismiss (ECF # 842) is GRANTED, and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 840) is DISMISSED as untimely filed. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 3, 2017